IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**THOMAS WILLIAM DYER, JR.**

      Movant,

v.                               Case No.:  5:14-cv-19140
                                   (Criminal Case No.: 5:13-cr-00107-1)

**UNITED STATES OF AMERICA**

      Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 and attached affidavit filed by Movant Thomas William Dyer, Jr. (ECF Nos. 50, 50-1). The undersigned notes that in support of his motion, Movant claims, in relevant part, that his court-appointed counsel, Thomas A. Rist, provided ineffective assistance when he (1) advised Movant to enter into a plea agreement with the United States before fully investigating the strength of the case against Movant; and (2) failed to file an appeal despite receiving unequivocal instructions from Movant to do so. (*See* ECF No. 50-1). In order for the Court to assess the merit of these claims, it is necessary to expand the record. *See* Rule 7, Rules Governing Section 2255 Proceedings. In particular, the Court would like to hear from Mr. Rist in response to Movant's assertions. However, any statement by Mr. Rist undoubtedly would require the disclosure of attorney-client communications.

Federal courts have long held that when a "habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003).[1] Subsequent to the opinion in *Bittaker,* Rule 502 of the Federal Rules of Evidence was enacted to explicitly deal with the effect and extent of a waiver of the attorney-client privilege in a Federal proceeding. Fed. R. Evid. 502(a)[2] specifically addresses the circumstance of when a party discloses a communication or information covered by the attorney-client privilege in a Federal proceeding or to a Federal office or agency. According to Rule 502(a), when the attorney-client privilege is waived as to the disclosed communication or information:

> the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

Here, Movant has intentionally waived his attorney-client privilege by disclosing some of his communications with Attorney Rist for the purpose of pursuing his § 2255 motion; for example: (1) that he was advised by Rist that he should accept the Government's plea offer of 27-33 months imprisonment to avoid a fifty-year prison sentence; (2) that when he received a 60-month sentence, he told Rist to file a Notice of

---

[1] *See also United States v. Pinson,* 584 F.3d 972 (10th Cir. 2009); *In re Lott,* 424 F.3d 446 (6th Cir. 2005); *Johnson v. Alabama,* 256 F.3d 1156 (11th Cir. 2001); *Tasby v. United States,* 504 F.2d 332 (8th Cir. 1974); *Dunlap v. United States,* Case No. 4:11-cv-70082-RBH, 2011 WL 2693915 (D.S.C. July 12, 2011); *Mitchell v. United States,* Case No. CV10-01683-JLR-JPD, 2011 WL 338800 (W.D. Wash Feb. 3, 2011).

[2] The Federal Rules of Evidence are applicable in a § 2255 proceeding "to the extent that matters of evidence are not provided for in the statutes which govern procedure therein or in other rules prescribed by the Supreme Court pursuant to statutory authority." FRE 1101(e). *See also U.S. v. Torrez-Flores,* 624 F.2d 776 (7th Cir 1980); *United States v. McIntire,* Case No. 3:09-cv-359, 2010 WL 374177 (S.D. Ohio Jan. 29, 2010); *Bowe v. United States,* Case no. CR404-308, 2009 WL 2899107 (S.D.Ga. May 20, 2009); *Rankins v. Page,* Case No. 99-1515, 2000 WL 535960 (7th Cir. May 1, 2000); *Ramirez v. United States,* Case No. 96 CIV 2090, 1997 WL 538817 (S.D.N.Y Aug. 29, 1997). The statutes and rules governing § 2255 actions do not address the assertion or waiver of the attorney-client privilege.

Appeal, which Rist agreed to do; and (3) that Rist later told Movant he would not file the appeal because there was no grounds for appeal; ultimately, failing to file an *Anders* brief, or give Movant adequate time to find another attorney to file an appeal or to file an appeal brief himself. Therefore, applying Rule 502(a), the undersigned finds that Movant's waiver should, in all fairness, extend to everything that was said between Movant and Attorney Rist, disclosed and undisclosed, pertaining to the subject matter of Movant's ineffective assistance of counsel claims.

Nevertheless, the undersigned recognizes the professional and ethical responsibilities of criminal defense attorneys. Rule 83.7 of the Local Rules of Civil Procedure and Rule 44.7 of the Local Rules of Criminal Procedure of this District provide that:

> In all appearances, actions and proceedings within the jurisdiction of this court, attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association.

Both the Rules of Professional Conduct promulgated by the Supreme Court of Appeals of West Virginia and the American Bar Association's ("ABA") Model Rules of Professional Conduct address the confidentiality of information shared between an attorney and his or her client. *See* West Virginia Rules of Professional Conduct 1.6 and 1.9(b); Model Rules 1.6 and 1.9(c). These rules substantially limit the circumstances under which an attorney may reveal privileged communications without an express and informed waiver of the privilege by the client.

Moreover, on July 14, 2010, the ABA's Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456, entitled "Disclosure of Information to

3

Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim." Although this opinion is not binding on the court, *see, e.g., Jones v. United States,* Case No. 4:11-cv-00702 ERW, 2012 WL 484663, at *2 (E.D.Mo. Feb. 14, 2012); *Employer's Reinsurance Corp. v. Clarendon Nat. Ins. Co.,* 213 F.R.D. 422, 430 (D. Kan 2003), it provides a reasoned discussion of the competing interests that arise in the context of an ineffective assistance of counsel claim and their impact on the continued confidentiality of attorney-client communications. In summary, the ABA acknowledges in the opinion that "an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information," but cautions that this waiver does not operate to fully release an attorney from his or her obligation to keep client information confidential unless the client gives informed consent for disclosure or disclosure is sanctioned by an exception contained in Model Rule 1.6. After examining the various exceptions contained in Model Rule 1.6, the ABA concludes that disclosure may be justified in certain circumstances; however, any such disclosure should be limited to that which the attorney believes is reasonably necessary and should be confined to "court-supervised" proceedings, rather than *ex parte* meetings with the non-client party. Stated simply, the filing of an ineffective assistance of counsel claim does not operate as an unfettered waiver of all privileged communications.

    Upon examining the provisions of West Virginia's Rule of Professional Conduct 1.6, the undersigned notes that 1.6(b)(2) permits a lawyer to "reveal such information [relating to the representation of a client] to the extent the lawyer reasonably believes necessary ... to respond to allegations in any proceeding concerning the lawyer's representation of a client." In the Comment that follows the Rule, the Supreme Court of

4

Appeals instructs the lawyer to "make every effort practicable to avoid unnecessary disclosure of information relating to a representation, to limit disclosure to those having the need to know it, and to obtain protective orders or make other arrangements minimizing the risk of disclosure." Ultimately, however, a lawyer must comply with orders of a court of competent jurisdiction, which require the lawyer to disclose information about the client. Similarly, Model Rule 1.6(b)(5) authorizes an attorney to reveal information regarding the representation of a client to the extent the lawyer reasonably believes necessary "to respond to allegations in any proceeding concerning the lawyer's representation of the client." Furthermore, Model Rule 1.6(b)(6) explicitly states that the lawyer may disclose such information "to comply with other law or a court order." In view of these provisions, the Court finds that Attorney Rist may, without violating the applicable Rules of Professional Conduct, disclose information in this proceeding regarding his communications with Movant to the extent reasonably necessary to comply with an order of this Court or to respond to the allegations of ineffective representation.

Having addressed the professional responsibilities of Attorney Rist, the Court turns to its authority and obligations. Certainly, the Court has the obligation to insure an orderly, fair, and efficient resolution of the disputed matter, and is authorized to order Mr. Rist to provide information regarding his discussions with Movant as necessary to resolve the pending motion. The Court also has the authority to issue a protective order governing the production of the privileged information, including the method by which the currently undisclosed communications shall be disclosed. *See* Rule 12, Rules Governing § 2255 Proceedings; FRCP 26(c); and FRE 503(d); *See also United States v. Nicholson,* 611 F.3d 191, 217 (4th Cir. 2010). Rule 7 of the Rules Governing Section 2255

5

Proceedings expressly authorizes the use of affidavits as part of the record. Accordingly, an affidavit submitted by Attorney Rist that responds to Movant's claims, along with any supporting documentation in Mr. Rist's file, should supply the basic information required by the United States to respond to Movant's § 2255 motion, and should assist the Court in resolving the issues while simultaneously ensuring a reasonable limitation on the breadth of the waiver of the attorney-client privilege.

Therefore, for the forgoing reasons, the Court **ORDERS** Movant's counsel, Mr. Thomas A. Rist, to file within **thirty (30) days** from the date of this Order an affidavit responding to Movant's specific claims of ineffective assistance of counsel. The affidavit shall include all of the information Mr. Rist believes is necessary to fully respond to the claims and shall include as attachments copies of any documents from his file specifically addressing the matters raised by Movant in his motion. To the extent that these documents address other aspects of Mr. Rist's representation of Movant, which are not pertinent to a resolution of the § 2255, they may be redacted. In preparing the affidavit and attachments, counsel should disclose only that information reasonably necessary to ensure the fairness of these proceedings.

In addition, the undersigned finds that specific court-imposed limitations on the use of the privileged information are necessary to protect Movant's future interests. As noted by the Fourth Circuit in *Nicholson, supra* at 217, citing *Bittaker, supra* at 722-723, a protective order prohibiting the subsequent and unfettered use of privileged information disclosed in a § 2255 proceeding is entirely justified, because otherwise Movant would be forced to make a painful choice between "asserting his ineffective assistance claim and risking a trial where the prosecution can use against him every statement he made to his first lawyer" or "retaining the privilege but giving up his

ineffective assistance claim." Accordingly, the Court further **ORDERS** that the attorney-client privilege, which attaches to the communications between Movant and Attorney Rist, shall not be deemed automatically waived in any other Federal or State proceeding by virtue of the above-ordered disclosure in this § 2255 proceeding. The affidavit and documents supplied by Mr. Rist shall be limited to use in this proceeding, and Respondent is prohibited from otherwise using the privileged information disclosed by Mr. Rist without further order of a court of competent jurisdiction or a written waiver by Movant.

Upon receipt of the affidavit and supporting documentation, if any, the undersigned will review the matter to determine whether an evidentiary hearing is necessary. Upon completion of the review, the undersigned will issue an appropriate scheduling order.

The Clerk is instructed to provide a copy of this Order to Movant, the United States Attorney's Office for the Southern District of West Virginia, and Mr. Thomas A. Rist, counsel for Movant in the underlying criminal action.

**ENTERED:** October 9, 2014

Cheryl A. Eifert
United States Magistrate Judge